UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

MARI MILLER,

       Plaintiff,

                                    Case No. 23-cv-11143

v.

                                    HON. MARK A. GOLDSMITH

ASCENSION PROVIDENCE HOSPITAL et al.,

       Defendants.
_____/

**OPINION & ORDER
(1) GRANTING DEFENDANT ASCENSION PROVIDENCE HOSPITAL'S MOTION TO DISMISS (Dkt. 23) AND (2) DISMISSING ALL JOHN DOE DEFENDANTS**

Defendant Ascension Providence Hospital has filed a motion to dismiss Plaintiff Mari Miller's complaint under Federal Rules of Civil Procedure 41(b) and 37(b)(2) (Dkt. 23), to which Miller has not responded. Because Miller has stopped litigating her case, the motion is granted.[1]

Miller filed a complaint against Ascension and ten John Doe Defendants on May 15, 2023. Compl. (Dkt. 1). She brings claims under the American with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act, alleging that she was discriminated against because of her disability during a visit to the emergency room at Ascension in April 2020. Id. ¶¶ 18–45. After filing her complaint, Miller participated in the litigation for a number of months, filing a motion to extend summons (Dkt. 4), submitting a joint discovery plan (Dkt. 8), and attending a telephonic scheduling conference on October 2, 2023. Two days after the scheduling

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

conference, the Court issued a case management and scheduling order setting various deadlines in the case. See 10/4/23 Order (Dkt. 10). The first deadline was for each party to serve initial disclosures on the other on or before October 24, 2023. Id. at 1.

At some point after the October 2 scheduling conference, Miller stopped participating in the litigation almost completely. Miller did not serve her initial disclosures on Ascension by the October 24 deadline. See Second Mot. to Compel at 4 (Dkt. 18). Ascension attempted to contact Miller's counsel multiple times over the next two months with no response. Id. at 6–7. Eventually, Ascension heard from Miller's counsel for the first time on January 4, 2024. Id. at 7. According to Ascension, "Plaintiff['s Counsel] explained that she had been incapacitated (apparently totally so) for a lengthy period of time, apologized for her dilatory conduct, and committed to providing Plaintiff's responses within 7 days, or by January 11, 2024." Id. After Miller failed to meet the January 11 deadline, Ascension filed a motion to compel discovery.

The Court set a Zoom motion hearing on Ascension's motion to compel for March 18, 2024. See 2/29/24 Order (Dkt. 19). Miller did not appear at the hearing and the Court granted Ascension's motion to compel. See 3/19/24 Order (Dkt. 21). The Court ordered Miller to serve her initial disclosures upon Ascension on or before March 25, 2024. Id. at 1–2. The Court also warned "that failure to comply fully with [its order] may result in further sanctions, including dismissal of all claims in this matter, due to Plaintiff's multiple failures to comply with the discovery process and this Court's [o]rders." Id. at 2. The Court set a telephonic status conference for March 28, 2024. See 3/19/24 Order.

Miller did not meet the March 25 deadline for serving her initial disclosures and did not appear at the March 28 status conference, prompting Ascension to file the motion to dismiss

2

presently before the Court. Ascension argues that Miller "has not served any written discovery, has served no subpoenas and has not requested or taken a single deposition." Mot. to Dismiss ¶ 43. Further, Ascension contends that "Plaintiff's ongoing and repeated failure to abide by this Honorable Court's written Orders has operated to impose a severe and unfair prejudice on Defendant by depriving it of its ability to properly prepare its defenses against Plaintiff's baseless claims and warrants the granting of the instant motion." Id. ¶ 51. The Court agrees.

The Court has authority to dismiss Miller's action under both Federal Rule of Civil Procedure 41(b) and 37(b)(2). Rule 41(b) authorizes a court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Similarly, Rule 37(b)(2) authorizes dismissal "if a party . . . fails to obey an order to provide or permit discovery . . . ." Both situations are applicable here, where Miller has stopped litigating her case and has violated multiple Court orders, including orders to provide discovery.[2]

---

[2] At a minimum, Miller has violated (i) the Court's case management and scheduling order; (ii) the Court's order granting Ascension's motion to compel discovery; and (iii) Federal Rule of Civil Procedure 26, which requires parties to provide initial disclosures to the other parties within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order. Miller also failed to appear at the March 18, 2024 motion hearing and the March 28, 2024 status conference. To the Court's knowledge, Ascension has received no communications from Miller in at least seven months.

Further, as Ascension notes in its motion to compel, to the extent Miller's counsel might be suffering from health issues, she has not complied with the State Bar of Michigan's rules addressing such a situation. See Rule 21, Rules Concerning the State Bar of Michigan (Last Updated Sept. 1, 2023), https://www.courts.michigan.gov/4a5778/siteassets/rules-instructions-administrative-orders/rules-concerning-the-state-bar/rules-concerning-the-state-bar-of-michigan.pdf ("An attorney in private practice must designate an Interim Administrator to protect clients by temporarily managing the attorney's practice if the attorney becomes unexpectedly unable to practice law."). As the State Bar of Michigan explains, attorneys in Michigan "have an ethical obligation to protect [their] clients' interests—even in the event of an unforeseen personal tragedy." State Bar of Michigan, Rule 21 Mandatory Intermit Administrator Planning, https://www.michbar.org/For-Members/Rule-21.

Further, the Court warned Miller that failure to comply with its orders may result in dismissal of her case.  See 3/19/24 Order at 2.  At this point, nothing short of dismissal would be effective, which the Court now orders.  See, e.g., Hampton v. Madison Cnty., No. 21-5553, 2022 WL 17438317, at *3 (6th Cir. Nov. 7, 2022) (affirming district court's dismissal of plaintiff's complaint under Rule 41(b) and Rule 37(b)(2) where plaintiff "ignored numerous warnings that dismissal was a potential consequence of failing to comply with the district court's discovery orders").

The Court also dismisses all John Doe Defendants from the action.  Miller has made no attempt to amend her complaint to identify any of the John Doe Defendants.  The 90-day window for service provided for in Fed. R. Civ. Pro. 4(m) has long passed, and Miller has had ample opportunity to conduct discovery.  The Court, therefore, dismisses the John Does from the action without prejudice.  See Petty v. Cnty. of Franklin, 478 F.3d 341, 345 (6th Cir. 2007) (affirming district court dismissal of John Doe defendants where plaintiff was "clearly in violation of . . . Rule 4(m)" and "was given ample time to figure out who [the John Does] might be"), abrogated on other grounds by Bailey v. City of Ann Arbor, 860 F.3d 382, 389 (6th Cir. 2017).

For these reasons, the Court (i) grants Ascension Providence Hospital's motion to dismiss (Dkt. 23) with prejudice and (ii) dismisses all John Doe Defendants from the action.  The Court also awards reasonable attorney fees to Ascension, which must be substantiated by a declaration or affidavit filed within 14 days.

SO ORDERED.

Dated: September 24, 2024                          s/Mark A. Goldsmith
      Detroit, Michigan                         MARK A. GOLDSMITH
                                                  United States District Judge